UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCISCO CAMACHO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MIDTOWN CENTER AUTO REPAIR INC. d/b/a MIDTOWN CENTER AUTO REPAIR, A1 COLLISION, RUBA ABRAMOV and RANI ABRAMOV, Jointly and Severally,<br><br>　　　　　　Defendants. | ECF CASE<br><br>No.:＿＿＿＿＿＿＿＿＿＿＿<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br><br>JURY TRIAL DEMANDED |

NATURE OF THE ACTION

1.　　Plaintiff Francisco Camacho ("Plaintiff Camacho") worked as a manager for Defendants Midtown Center Auto Repair Inc. ("Midtown Center"), A1 Collison ("A1 Collision"), Ruba Abramov ("Defendant Ruba") and Rani Abramov ("Defendant Rani," and together with Midtown Center, A1 Collision and Defendant Ruba, "Defendants") from on or about July 2016 to July 23, 2019.

2.　　Plaintiff Camacho alleges on his own behalf and on behalf of other similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23 (a) and (b) that Defendants willfully violated the New York Labor Law (the "Labor Law) by (i) failing to pay the minimum wage, (ii) failing to pay overtime, (iii) failing to pay spread-of-hours pay, (iv) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, and (v) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3.

3.　　Plaintiff Camacho alleges on his behalf and other similarly situated current and former employees of Defendants and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that Defendants willfully violated the Fair Labor

Standards Act ("FLSA") by (i) failing to pay the minimum wage, and (ii) failing to pay overtime.

<u>JURISDICTION AND VENUE</u>

4.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337, and 1343, supplemental jurisdiction over the Labor Law claims under 28 U.S.C. § 1367, and jurisdiction over the FLSA claims under 29 U.S.C. § 216(b).

5.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

6.      This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

<u>THE PARTIES</u>

7.      Plaintiff Camacho was, at all relevant times, an adult individual residing in Brooklyn, New York.

8.      Upon information and belief, Defendant Midtown Center is a domestic business corporation, organized and existing under the laws of the State of New York with its principal place of business at 537 West 38th Street, New York, New York 10018.

9.      Upon information and belief, Defendant A1 Collision is a domestic business corporation, organized and existing under the laws of the State of New York with its principal place of business at 528 West 39th Street, New York, New York 10018.

10.     Defendants Midtown Center and A1 Collision are, upon information and belief, enterprises engaged in commerce or in the production of goods for commerce. Defendants Midtown Center and A1 Collision are engaged in commerce or in the production of goods for commerce, because, *inter alia*, they have employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, their annual gross volume of business is at least $500,000.00. These goods and services include cars and cleaning

2

products.

11.     Defendant Ruba, upon information and belief, owns, operates and controls Midtown Center and A1 Collision's day-to-day operations and management and jointly employed Plaintiff Camacho and other similarly situated employees at all relevant times.

12.     Defendant Rani, upon information and belief, owns, operates and controls Midtown Center and A1 Collision's day-to-day operations and management and jointly employed Plaintiff Camacho and other similarly situated employees at all relevant times.

13.     Each Defendant, either directly or indirectly, has hired and fired Plaintiff Camacho and other employees, controlled Plaintiff Camacho's work schedule and employment conditions, determined their payment rate and method, and kept at least some records regarding their employment.

14.     Defendants, upon information and belief, employ 11 or more employees.

<u>STATEMENT OF FACTS</u>

15.     Defendants own and operate two auto repair shops, one located at 537 West 38th Street, New York, New York 10018 (the "Midtown Center Location") and the other located at 528 West 39th Street, New York, New York 10018 (the "A1 Location").

16.     Throughout his employment, Plaintiff Camacho worked at the Midtown Center Location and the A1 Location.

<u>Duties Performed and Hours Worked</u>[1]

17.     Defendants employed Plaintiff Camacho as a manager from on or about July 2016 to July 23, 2019.

18.     Throughout Plaintiff Camacho's employment with Defendants, he regularly

---

[1] These subject lines are included only for organizational purposes.

worked in excess of forty hours per week.

19.     Throughout his employment, Plaintiff Camacho typically worked from 7:00 a.m. to 5:00 p.m. or 7:00 p.m., 5 days per week, and from 6:00 a.m. to 6:00 p.m. 1 day per week, totaling 62 to 72 hours per week.

20.     Defendants did not give Plaintiff Camacho a meal break.

21.     Plaintiff Camacho was not required to keep track of his time, nor to his knowledge, did Defendants utilize any time tracking device, such as punch cards.

22.     From reviewing the schedule, speaking with them and personal observations, Plaintiff Camacho knows that other managers and auto body workers were, like him, regularly required to work more than 40 hours in a week.

Salary, Overtime, Spread-of-Hours Pay

23.     Throughout his employment, Defendants paid Plaintiff Camacho his wages in check.

24.     Throughout his employment, Defendants paid Plaintiff Camacho a weekly salary of $500.

25.     Plaintiff Camacho was not exempt from overtime under the FLSA and Labor Law's executive exemptions because Defendants failed to pay him on a salary basis because they deducted pay from his weekly earnings if he arrived late to work, left early etc.  Plaintiff Camacho was also not exempt from overtime under the Labor Law's executive exemption because the salary Defendants paid him was below the salary threshold required in order to claim the exemption.[2]

26.     Defendants failed to pay Plaintiff Camacho the federal and state minimum wage

---

[2]        https://www.labor.ny.gov/legal/counsel/pdf/executive-employee-overtime-exemption-frequently-asked-questions.pdf (last visited August 15, 2019)

because his average hourly rate fell below the federal and state minimum wage:

| Relevant Date Ranges | Hours Worked Per Week | Weekly Earnings | Average Hourly Rate | FLSA Minimum Wage[3] | NYLL Minimum Wage[4] |
|---|---|---|---|---|---|
| 07/01/16-12/30/16 | 62-72 | $500 | $6.94 ($500/72)-$8.06 ($500/62); | $7.25 | $9.00 |
| 12/31/16-12/30/17 | 62-72 | $500 | $6.94 ($500/72)-$8.06 ($500/62); | $7.25 | $11.00 |
| 12/31/17-12/30/18 | 62-72 | $500 | $6.94 ($500/72)-$8.06 ($500/62); | $7.25 | $13.00 |
| 12/31/18-07/23/19 | 62-72 | $500 | $6.94 ($500/72)-$8.06 ($500/62); | $7.25 | $15.00 |

27.     Because Defendants paid Plaintiff Camacho a weekly salary, his effective hourly rate is determined by dividing his salary by the total hours he worked. His effective hourly rate, however, must be at least the minimum wage.

| Relevant Date Ranges | Hours Worked Per Week | Weekly Earnings | Effective Hourly Rate | Effective Overtime Rate |
|---|---|---|---|---|
| 07/01/16-12/30/16 | 62-72 | $500 | $9.00 | $13.50 |
| 12/31/16-12/30/17 | 62-72 | $500 | $11.00 | $16.50 |
| 12/31/17-12/30/18 | 62-72 | $500 | $13.00 | $19.50 |
| 12/31/18-07/23/19 | 62-72 | $500 | $15.00 | $22.50 |

28.     For the days that he was scheduled to and worked more than 10 hours in a day, Defendants did not pay Plaintiff Camacho spread-of-hours pay, or an extra hour at the statutory minimum wage.

29.     From speaking with them, Plaintiff Camacho knows that other managers and auto

---

[3] https://www.dol.gov/whd/minwage/coverage.htm (last visited August 15, 2019).
[4] https://labor.ny.gov/workerprotection/laborstandards/workprot/minwage.shtm (last visited August 15, 2019)

body workers, like him, were paid weekly salaries, were not paid overtime for the hours they worked in excess of forty each week, and were also not paid spread-of-hours pay for days in which they worked more than 10 hours in a day.

Labor Law Notice Violations

30.     Defendants did not provide Plaintiff Camacho the Notice of Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1 when he was hired or at any point during his employment.

31.     The wage statements Defendants provided Plaintiff Camacho did not list his correct hours.

## CLASS ACTION ALLEGATIONS

32.     Plaintiff Camacho asserts these allegations and claims on his own and on behalf of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants employ and has employed who were
> managers and auto body workers at any time since October 15, 2013
> to the entry of judgment in this case (the "Class Period"), who were
> non-exempt employees under the New York Labor Law (the "Class
> Members").

33.     The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendants' sole control, upon information and belief, more than 50 Class Members exist.

34.     Plaintiff Camacho's claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

35.     Defendants have acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

36.     Plaintiff Camacho is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

37.     Plaintiff Camacho has the same interest in this matter as all other Class Members and her claims are typical of Class Members'.

38.     Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including but not limited to:

a.      whether Defendants employed Plaintiff Camacho and the Class Members within the meaning of the Labor Law;

b.      whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff Camacho and the Class Members;

c.      what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.      whether Defendants failed or refused to pay Plaintiff Camacho the Class Members minimum wages, overtime for all hours worked in excess of forty (40) hours per workweek and spread-of-hours pay;

e.      whether Defendants failed to provide Plaintiff Camacho and the Class Members Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1;

f.      whether Defendants failed to provide Plaintiff Camacho and the Class Members the required statement with each wage payment under N.Y. Lab. Law § 195.3;

g.      whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Plaintiff Camacho and the Class Members are employed;

h.      whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

i.      whether Defendants should be enjoined from such violations of the Labor Law in the future.

## COLLECTIVE ACTION ALLEGATIONS

39.     Under 29 U.S.C. § 206, Plaintiff Camacho seeks to assert these allegations and claims as a collective action:

> All persons whom Defendants employ and has employed who were managers and auto body workers at any time since October 15, 2016 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees under the FLSA (the "Collective Action Members").

40.     Plaintiff Camacho and the Collective Action Members are similarly situated on several legal and factual issues, including:

a.      Defendants employed the Collective Action Members within the meaning of the FLSA;

b.      Collective Action Members performed similar duties;

c.      Defendants failed to keep true and accurate time records for all hours Plaintiff Camacho and the Collective Action Members worked;

d.      Defendants willfully or recklessly violated the FLSA;

e.      Defendants failed to pay the Collective Action Members minimum wages and overtime compensation for hours worked in excess of forty (40) hours per workweek at the proper rate, violating the FLSA and the regulations promulgated thereunder;

f.      Defendants should be enjoined from such violations of the FLSA in the future; and

g.      The statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

FIRST CAUSE OF ACTION
FAILURE TO PAY THE MINIMUM WAGE UNDER THE FLSA
(On Behalf of Plaintiff Camacho and the Collective Action Members)

41.      Plaintiff Camacho realleges every preceding allegation as if set forth fully herein.

42.      Plaintiff Camacho consents in writing to be a party to this action under 29 U.S.C. § 216(b), which is attached to this Complaint and incorporated by reference.

43.      Defendants have been and continue to be, employers engaged in interstate commerce or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44.      Defendants employed, or continue to employ, Plaintiff Camacho and the Collective Action Members within the meaning of the FLSA.

45.      Defendants knowingly failed to pay Plaintiff Camacho and the Collective Action Members the minimum wages to which they were entitled under the FLSA.

46.      Defendants were required to pay Plaintiff Camacho and the Collective Action Members the full minimum wage rate for all hours worked.

47.      Defendants failed to pay Plaintiff Camacho and the Collective Action Member at the minimum wage because they paid them fixed weekly salaries and their average hourly rates fell below the minimum wage.

48.     Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

49.     As a result of Defendants' FLSA violations, Plaintiff Camacho and the Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

SECOND CAUSE OF ACTION
FAILURE TO PAY OVERTIME UNDER THE FLSA
(On Behalf of Plaintiff Camacho and the Collective Action Members)

50.     Plaintiff Camacho realleges every preceding allegation as if set forth fully herein.

51.     Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

52.     Defendants were required to pay Plaintiff Camacho and the Collective Action Members no less than one and one-half (1.5) times the regular rate at which they were employed for all hours worked in excess of forty (40) hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq*., including 29 U.S.C. §§ 207(a)(1) and 215(a).

53.     At all relevant times, Defendants had a policy and practice of refusing to pay their employees the proper overtime compensation for their hours worked in excess of forty (40) hours per workweek.

54.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

55.     Defendants have not made a good faith effort to comply with the FLSA with respect

to Plaintiff Camacho and the Collective Action Members' compensation.

56.      Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255 and should be equitably tolled between the filing of this lawsuit and when the Court conditionally certifies the collective action.

57.      Defendants have failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1), 215(a) and 216(b).

58.      As a result of Defendants' FLSA violations, Plaintiff Camacho and the Collective Action Members have suffered damages by being denied overtime pay in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

THIRD CAUSE OF ACTION
FAILURE TO PAY THE MINIMUM WAGE UNDER THE LABOR LAW
(On Behalf of Plaintiff Camacho and the Class Members)

59.      Plaintiff Camacho realleges every preceding allegation as if set forth fully herein.

60.      Defendants are employers under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff Camacho and the Class Members.

61.      The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff Camacho and the Class Members.

62.      Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff Camacho and the Class Members the statutory minimum wage.

63.     Defendants were required to pay Plaintiff Camacho and the Class Members at an hourly rate and were not permitted to pay Plaintiff Camacho and the Class Members fixed weekly salaries.

64.     Upon information and belief, Defendants failed to post, in a conspicuous place upon its premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. §§ 137-2.3, *et seq*.

65.     Defendants paid Plaintiff Camacho and the Class Members below the statutory minimum wage.

66.     Defendants failed to pay Plaintiff Camacho and the Class Members at the minimum wage because they paid them weekly salaries and their average hourly rate fell below the minimum wage.

67.     Defendants have willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Camacho and the Class Members the minimum wage.

68.     Due to Defendants' Labor Law Violations, Plaintiff Camacho and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

## FOURTH CAUSE OF ACTION
## FAILURE TO PAY OVERTIME UNDER THE NEW YORK LABOR LAW
### (On Behalf of Plaintiff Camacho and the Class Members)

69.     Plaintiff Camacho realleges every preceding allegation as if set forth fully herein.

70.     Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff Camacho and the Class Members one and one-half (1.5) times his regular rate of pay for all hours he worked in excess of forty (40) per workweek.

71.     Defendants failed to pay Plaintiff Camacho and the Class Members the overtime wages to which they were entitled, violating N.Y. Lab Law § 650 and Part 142 § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

72.     Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Camacho and the Class Members overtime.

73.     Due to Defendants' Labor Law violations, Plaintiff Camacho and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

FIFTH CAUSE OF ACTION
FAILURE TO PAY SPREAD OF HOURS PAY
(On Behalf of Plaintiff Camacho and the Class Members)

74.     Plaintiff Camacho realleges every preceding allegation as if set forth fully herein.

75.     Defendants willfully failed to pay Plaintiff Camacho and the Class Members one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Camacho and the Class Members' spread of hours exceeded ten hours, violating Part 142 § 142-2.4 of Title 12 of the Official Compilation of Codes, Rules and Regulations.

76.     By their failure to pay Plaintiff Camacho spread-of-hours pay, Defendants have willfully violated the N.Y. Lab. Law Article 19 §§ 650, *et seq*. and the supporting New York State Department of Labor Regulations.

77.     Due to Defendants' Labor Law violations, Plaintiff Camacho and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours pay, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

SIXTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.1 NOTICE UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Camacho and the Class Members)

78.     Plaintiff Camacho realleges every preceding allegation as if set forth fully herein.

79.     Defendants willfully failed to supply Plaintiff Camacho and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under § 195.1(a) within ten business days of their first employment date.

80.     Due to Defendants' violations of N.Y. Lab. Law § 195.1, Plaintiff Camacho and the Class Members are entitled to recover from Defendants $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-b (2016).

SEVENTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.3 WAGE STATEMENT
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Camacho and the Class Members)

81.     Plaintiff Camacho realleges every preceding allegation as if set forth fully herein.

82.     Defendants willfully failed to supply Plaintiff Camacho and the Class Members with an accurate wage statement with each payment of wages, violating N.Y. Lab Law § 195.3.

83.     Due to Defendants' violations of N.Y. Lab Law § 195.3, Plaintiff Camacho and the Class Members are entitled to recover from Defendants $250.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-d (2016).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Camacho respectfully requests this Court grant the following relief:

        a.      Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and

(3) on behalf of the Class Members and appointing Plaintiff Camacho and his counsel to represent the Class Members.

        b.      Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff Camacho and his counsel to represent the Collective Action Members and tolling of the statute of limitations;

        c.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

        d.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

        e.      An award for unpaid minimum wages under the Labor Law and the FLSA;

        f.      An award for unpaid overtime under the Labor Law and the FLSA;

        g.      An award for unpaid spread-of-hours pay under the Labor Law;

        h.      An award for failing to provide the N.Y. Lab. Law § 195.1 Notice;

        i.      An award for failing to provide the N.Y. Lab. Law § 195.3 Statements;

        j.      An award of liquidated damages as a result of Defendants' Labor Law violations;

        k.      An award of liquidated damages as a result of Defendant's willful FLSA violations;

        l.      An award of pre-judgment and post-judgment interest;

m.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.     Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Camacho demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
       October 15, 2019

LIPSKY LOWE LLP

<u>s/ Christopher H. Lowe</u>
Christopher H. Lowe
420 Lexington Avenue, Suite 1830
New York, New York 10170-1830
Tel: 212.392.4772
Fax: 212.444.1030
chris@lipskylowe.com