


Christopher H. Lowe

420 Lexington Avenue, Suite 1830
New York, New York 10170-1830
Main: 212.392.4772
Direct: 212.764.7171
Fax: 212.444.1030
chris@lipskylowe.com

www.lipskylowe.com

March 2, 2020

<u>VIA ECF</u>
The Honorable Ona T. Wang, U.S.M.J.
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:  <u>Francisco Camacho v. Midtown Center Auto Repair Inc., *et al*., 1:19-cv-9505</u>

Dear Judge Wang:

This firm represents Plaintiff Francisco Camacho. The parties have entered into a settlement agreement in this Fair Labor Standards Act ("FLSA") matter. Under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), we are enclosing the Agreement for the Court's consideration and approval.

Plaintiff respectfully requests that the Court issue a decision on this *Cheeks* motion as expeditiously as possible because he and his family are scheduled to be evicted from their home in the next few weeks, and they will be forced to enter a homeless shelter if they do not receive funds from this settlement as soon as possible.  Please note that neither Plaintiff's financial nor housing crisis was disclosed to Defendants during the course of our negotiations.

I.  <u>Facts and Procedural Background</u>

Defendants own and operate two auto repair shops, one located at 537 West 38th Street, New York, New York 10018 (the "Midtown Center Location") and the other located at 528 West 39th Street, New York, New York 10018 (the "A1 Location"). Defendants employed Plaintiff as a manager from on or about July 2016 to July 23, 2019. Throughout his employment, he regularly worked 62 to 72 hours per week.

For working these hours, Defendants paid Plaintiff a weekly salary of $500. They did not to pay him any overtime throughout his employment, notwithstanding that Plaintiff was not exempt from overtime under the FLSA and New York Labor Law ("Labor Law") executive exemptions.  Both the federal and state executive exemptions include a salary basis test.  Defendants fail  the salary basis test because they deducted pay from his weekly


earning if he arrived late to work, left early, etc., and because the salary Defendants paid him was below the salary threshold required in order to claim the exemption.[1]

By paying him a weekly salary of $500, Defendants also failed to pay him the federal and state minimum wage because his average hourly rate fell below the federal and state minimum wage.

In addition to failing to pay him the minimum wage and overtime wages, Defendants did not pay Plaintiff spread-of-hours pay, or an extra hour at the statutory minimum wage for the days that he was scheduled to and worked more than 10 hours in a day. They also failed to provide him with the Notice of Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1 when he was hired or at any point during his employment. Further, the wage statements they provided him did not list his correct hours in violation of N.Y. Lab. Law § 195.3.

He accordingly asserts the following claims in his October 15, 2019 Complaint: failure to pay the minimum wage under the FLSA and Labor Law; unpaid overtime under the FLSA and the Labor Law; failure to pay spread-of-hours pay under the Labor Law; failure to provide the N.Y. Lab. Law 195.1 Notice under the Labor Law; and record keeping violations under the N.Y. Lab. Law § 195.3 for failing to provide him with an accurate wage statement with each payment of wages. (Dkt. No. 1).

Defendants deny Plaintiff's allegations and maintain that Plaintiff stole money from Defendants throughout his employment, and intended to assert a claim for breach of the Faithless Servant Doctrine if the case did not settle. They produced video footage, which they claim demonstrates that Plaintiff stole cash from them.

The parties have been engaged in settlement negotiations for several months and were able to reach a reasonable resolution in light of the litigation risks associated with this lawsuit.

II.    The Settlement Agreement Should Be Approved As It is Fair and Reasonable Under the Circumstances and Complies with *Cheeks v. Freeport Pancake House, Inc.*

A.    The Settlement Agreement is Fair and Reasonable

To determine whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances. This includes at least five factors: (1) the plaintiffs range of possible recovery; (2) the extent to which "the settlement will enable the parties

---

[1]    https://www.labor.ny.gov/legal/counsel/pdf/executive-employee-overtime-exemption-frequently-asked-questions.pdf (last visited February 28, 2020)



to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinsky v. Scholastic Inc.*, No. 11-cv-5917 (JMF), 2012 U.S. Dist. LEXIS 93918, at *4-5 (S.D.N.Y. July 5, 2012) (citing *Medley v. Am. Cancer So*c., No. 1:10-cv-3214 (BSJ), 2010 U.S. Dist. LEXIS 75098, at *3 (S.D.N.Y. July 23, 2010)).

In considering these factors, courts may enter judgment on a basis that does not require full payment of plaintiff's claims or liquidated damages. *See Elliott v. Allstate Investigations, Inc.*, No. 07-cv-6078 (DLC), 2008 U.S. Dist. LEXIS 21090, at *5-6 (S.D.N.Y. Mar. 19, 2008) (approving a settlement that was less than plaintiff's claims where plaintiff lacked documentary evidence to support his claims); *Sampaio v. Boulder Rock Creek Developers, Inc*., No. 07-cv-153 (ETB) 2007 U.S. Dist. LEXIS 66013, *3 (E.D.N.Y. Sept. 6, 2007) (approving settlement as reasonable in light of no documentation of the hours that plaintiff worked, the parties' disputes on the number hours plaintiff worked, and the "respective burdens the parties face with respect to their claims and defenses").

    1.    <u>The Plaintiff's Range of Possible Recovery</u>

Defendants have not indicated whether they maintained wage and hour records for Plaintiff. If they do not, Plaintiff will be permitted to use his memory to estimate his hours worked and owed wages. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687, 66 S. Ct. 1187 (1946) (holding where an employer fails its recordkeeping requirements, employees may establish their hours worked and wages through their memory and recollection). Plaintiff recalls working 62 to 72 hours per week and receiving a weekly salary of $500. Based on this, he estimates he is owed $74,818.50 in unpaid overtime.

However, if Defendants were successful in their faithless servant claim, Plaintiff would not be entitled to any compensatory damages. *Calderon v. Mullarkey*, 14-cv-2616, 2018 U.S. Dist. LEXIS 97224, at *25 (E.D.N.Y June 10, 2018).

    2.    <u>The Settlement Will Avoid the Parties' Burdens and Expenses</u>

Defendants, to date, have not filed their answer. By resolving this matter at this early stage of litigation, the parties are avoiding the expenses associated with discovery, any future motion practice, court appearances and trial.

    3.    <u>The Parties Faced Serious Litigation Risks</u>

The settlement will enable Plaintiff to avoid the risks of litigation. The largest portion of his claimed damages is the unpaid overtime premium pay. If Defendants were, however, successful with their faithless doctrine claim, then Plaintiff would not be entitled



to any compensatory damages. *See Calderon*, 2018 U.S. Dist. LEXIS 97224, at *25. It is accordingly uncertain whether, or how much, if anything, he would recover at trial. This factor favors approval.

       4.      The Settlement Is the Product of Arm's Length Negotiations With No Possibility of Fraud or Collusion

The parties engaged in several arm's-length settlement negotiation rounds, over the course of several months. No fraud or collusion occurred throughout these extended negotiations.

       5.      Plaintiff's Financial Condition Supports the Reasonableness of this Settlement

As mentioned above, Plaintiff and his family are scheduled to be evicted from their home in the next few weeks. He and his family will be forced to enter a homeless shelter unless they receive the money from this settlement as soon as possible. Accordingly, even if Plaintiff would have potentially been able to recover more money at trial, he cannot risk litigating this matter any further because he requires money expeditiously.

    B.    The Settlement Agreement is Fair and Reasonable

In August 2015, the Second Circuit resolved an arguably unsettled issue: parties cannot privately settle FLSA claims without either the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199, 206 (2d Cir. 2015). The Court also explained in *dicta* when an FLSA settlement is valid. *Id*. Namely, it questioned the validity of agreements that contain confidentiality provisions, single-sided general releases and attorneys' fees that go beyond a certain percentage. *Id*.; *see Souza v. 65 St. Marks Bistro*, No. 15-cv-327 (JLC), 2015 U.S. Dist. Lexis 151144, at *8 (S.D.N.Y. Nov. 6, 2015). None of those issues are present in the Agreement.

       1.      The Agreement Will Be Publicly Filed

The Agreement does not contain a confidentiality provision and the parties acknowledge it will be publicly available and filed on the CM/ECF system. This concern accordingly does not exist, favoring approval.

       2.      The Agreement Contains a Limited Release

The Agreement contains a limited release, which only releases Defendants from claims associated with the FLSA and Labor Law.



3.    The Agreement's Non-Disparagement Language is Properly Tailored and Is FLSA-Compliant

The Agreement's non-disparagement language permits the Plaintiff to truthfully discuss with others the facts and claims in this lawsuit. This provision is accordingly consistent with the FLSA's purpose. *See Qiting Yang v. Matsuya Quality Japanese, Inc.,* 1:15-cv-1949 (JS)(ARL), 2017 U.S. Dist. LEXIS 14823, *4 (E.D.N.Y. 2017) (explaining a non-disparagement provision, to comply with the FLSA, must permit the employee to discuss with others his or claims and litigation experience.); *Panganiban v. Medex Diagnostic and Treatment Ctr., LLC,* No. 1:15-cv-2588 (AMD)(LB), 2016 U.S. Dist. LEXIS 29158, 2016 WL 927183, at *2 (E.D.N.Y. Mar. 7, 2016).

III.    The Court Should Approve Plaintiff Counsel's Fees and Expenses, as the Amounts are Reasonable

A.    Counsel's Fees of 33% of The Settlement Is Reasonable and Regularly Approved

Plaintiff's counsel shall receive under the Agreement, subject to the Court's approval, $16,976.00: $16,500.00 in fees, equaling 33% of the total $50,000 settlement; and $476.00 in expenses. This amount is reasonable as contingency fees of one-third in the FLSA context are routinely approved. *Santos v. EL Tepeyac Butcher Shop Inc.*, 1:15- cv-814 (RA), 2015 US. Dist. Lexis 168186 (S.D.N.Y. Dec. 15, 2015) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."); *Rangelv. 639 Grand St. Meat & Produce Corp,* 1:13-cv-3234 (LB) 2013 U.S. Dist. Lexis 134207 (E.D.N.Y. Sep. 19, 2013) (approving attorney's fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); *Febus v. Guardian First Funding Grp., LLC*, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) ("[A] fee that is one-third of the fund is typical" in FLSA cases). It remains reasonable for counsel to receive one-third of the fund even when the plaintiff is not receiving 100% of his or her claimed damages. *Emiliano Nieto Zepeda v. Baggio, Ltd.*, No. 1:17-cv-2290 (VB), 2017 U.S. Dist. LEXIS 143332, at *2 (S.D.N.Y. Sept. 1, 2017) (approving one-third request when plaintiff is receiving 50% of his claimed damages).

Also, this firm assumed a meaningful financial risk when agreeing to represent Mr. Camacho under this contingency fee arrangement: counsel invested its time and effort and advanced costs and expenses with no guarantee of compensation. Indeed, in unsuccessful cases, this firm does not recover anything. This assumption of risk further favors approving the one-third contingency fee. *See Garcia*, 2012 U.S. Dist. Lexis 144446, at *20; *Campos v. Goode*, No. 1:10-cv-224 (DF), 2011 U.S. Dist. Lexis 22959, at *19 (S.D.N.Y. March 4, 2011



B.      Counsel's Fees Are Further Reasonable Considering Their Hourly Rates
        <u>and Hours Expended</u>

Plaintiff's Counsel has expended more than 27 hours on this matter, billing Christopher H. Lowe's work at an hourly rate of $400 and Sara J. Isaacson at an hourly rate of 300.00, totaling at least $9,000 in fees. These hours and hourly rate are reasonable.

1.      <u>Plaintiff's Counsel's Hourly Rates Are Reasonable</u>

Counsel's hourly rates are reasonable. A reasonable hourly rate is one which a "paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184. To find a reasonable hourly rate, the Court must determine whether the requested rates are "in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation" *Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 232* (2d Cir. 2006).

Plaintiff requests a rate of $400 for Christopher Lowe, which is reasonable considering he has practiced employment law for over 20 years. Courts, recognizing this background, have previously approved this rate. *See Spencer v. No Parking Today, Inc., et al.*, No. 12-cv-6323 (ALC) (AJP), Dkt. No. 237 (S.D.N.Y. Feb. 20, 2015) (approving one-third fee request in which, for lodestar purposes, Lipsky's hourly rate was $400); *Ceka v. PBM/CMSI Inc.*, No. 12-cv-1711 (DAB), 2014 U.S. Dist. LEXIS 168169, *20 (S.D.N.Y. Dec. 2, 2014) (same); *Silver v. 31 Great Jones Rest.* Corp., No. 11-cv-7442 (KMW) (DCF) (S.D.N.Y. Jun. 7, 2013) (same); *Williamson v. Back Forty LLC*, 1:13-cv-7716 (JO) (SSN) (S.D.N.Y. Oct. 24, 2014) (approving Lipsky's $400 hourly rate). Those decisions are consistent with what other courts within this District have approved for attorneys with similar experience. *See Cabrera v. Thomas Schafer & Dream Team Tavern Corp.*, No. 1:12-cv-6323 (ADS), 2017 U.S. Dist. LEXIS 24606, *6 (E.D.N.Y. February 17, 2017) (recognizing courts within the Eastern District approve up to $400 hourly rate for partners in FLSA matters). Also, Mr. Lowe regularly represents individuals who pay this or a higher hourly rate, underscoring the reasonableness of this rate.

Plaintiff requests a rate of $300 per hour for Sara Isaacson, which is reasonable considering she has primarily practiced employment law since graduating from Benjamin N. Cardozo School of Law in 2015. *See Hall*, 2016 US. Dist. Lexis 53791, at *39 (approving $300 hourly rate for fifth-year associate); *Finkel v. Captre Elec. Supply Co. Inc.*, No. 1:14-cv-3584 (RJD)(JO), 2015 U.S. Dist. Lexis 122282, at * 15 (E.D.N.Y. July 31, 2015) (recommending hourly rate of $300 for attorney with six years of experience)

This rate is ultimately reasonable on its face. It is even further reasonable considering the small fraction of fees Counsel is recovering here.



C.    <u>Plaintiff's Counsel Are Entitled to Their Expenses</u>

Plaintiff's Counsel are entitled to recover costs in additional to their reasonable fees. See 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663. These include reimbursement for, by way of example, filing fees, process servers, copying and postage. *See Marquez v. Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 U.S. Dist. LEXIS 159128, at *9 (S.D.N.Y. Nov. 10, 2014) (awarding filing and transcript fees, and process server expenses); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (awarding expenses including filing fees and postage).

Here, Counsel is seeking $476.00 in expenses. As this amount includes expenses for filing fees, process servers, and postage, Plaintiff's Counsel should be reimbursed for them.

IV.    <u>Conclusion</u>

For the foregoing reasons, all parties respectfully submit the Court should approve the Agreement as fair and reasonable and approve Plaintiff Counsel's requested fees and expenses.

We thank the Court for its time and attention to this matter.

Respectfully Submitted,
LIPSKY LOWE LLP

<u>s/ Christopher H. Lowe</u>
Christopher H. Lowe

cc:    Dov Medinets, Esq. (via Email)