

Christopher H. Lowe

420 Lexington Avenue, Suite 1830
New York, New York 10170-1830
Main: 212.392.4772
Direct: 212.764.7171
Fax: 212.444.1030
chris@lipskylowe.com

www.lipskylowe.com

March 4, 2020

<u>VIA ECF</u>
The Honorable Lewis J. Liman
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

  Re: <u>Francisco Camacho v. Midtown Center Auto Repair Inc., *et al*., 1:19-cv-9505</u>

Dear Judge Liman:

  This law firm represents the Plaintiff. We write in accordance with Your Honor's March 3, 2020 order (Dkt. No. 22) to respectfully provide additional information for the Court to consider in deciding whether to approve of the parties' proposed settlement agreement as fair and reasonable.

  In support of Plaintiff's counsel's request for attorneys' fees and costs, attached hereto as Exhibit A are contemporaneous time records for Plaintiff's counsel and contemporaneous records for the costs that Plaintiff's counsel seeks to recover. Plaintiff's counsel realized a clerical error in the costs associated with this case. Typically, the process server we use charges $60.00 for service via the Secretary of State; it, however, only charged $40.00 for service upon Midtown Center Auto Repair Inc. via the Secretary of State. We have, therefore, adjusted this in the parties' agreement to reflect a $20.00 deduction in costs. Further, Plaintiff's counsel is attaching a copy of the receipt for a FedEx package it sent on August 26, 2019. We have tried to locate a receipt with the actual cost associated with sending this package but we were unable to find one on the FedEx website. The standard price we usually pay for this type of package is $16.00. Finally, Plaintiff's counsel does not have a receipt for the $400.00 filing fee, but notes that the complaint was filed in this matter and that the filing fee was not waived.

  Further, the net settlement amount of $33,044.00 ($50,000.00-$16,956.00) is fair and reasonable to Plaintiff because he faced serious litigation risks. As set forth in the parties' March 2, 2020 letter, Defendants claimed that he stole money from them throughout his employment. They have produced video footage from June 2019 which they claim demonstrates that he stole money from them. They have additionally proposed to offer testimony that Plaintiff's acts of misappropriation went back as far as 2017. Accordingly, Defendants were prepared to assert as a defense the Faithless Servant doctrine,

which, if proven, would effectively moot Plaintiff's claims for overtime premium pay and require Plaintiff to disgorge the wages he received at least beginning in 2017 when he purportedly became unfaithful to his employer, Defendants.  Defendants further intended to assert counterclaims against Plaintiff to recover the monies they claim he stole. In light of these substantial litigation risks, the net settlement amount is fair and reasonable.

In addition, Defendants did not maintain any wage and hour records for Plaintiff during the relevant time period. The parties, therefore, have not provided a damages analysis based on wage and hour records.

Finally, during the parties' March 3, 2020 telephone conference with the Court, Your Honor indicated there was a typo in paragraph 7(a) of the settlement agreement. The parties have corrected the typo, and the revised settlement agreement is attached hereto as Exhibit B.

We thank the Court for its time and attention to this matter.

                              Respectfully Submitted,
                              LIPSKY LOWE LLP

                              s/ Christopher H. Lowe
                              Christopher H. Lowe

cc:      Dov Medinets, Esq. (via ECF)