NON-CONFIDENTIAL SETTLEMENT AGREEMENT AND LIMITED RELEASE
===

This NON-CONFIDENTIAL SETTLEMENT AGREEMENT AND LIMITED RELEASE (the "Agreement") is made and entered into between Plaintiff Francisco Camacho ("Plaintiff") and Midtown Center Auto Repair Inc. d/b/a Midtown Center Auto Repair, A1 Collision, Raba Haim Abramov, named as Ruba Abramov in the instant Action, and Rony Abramove, named as Rani Abramov in the instant Action ("Defendants") (collectively the "Parties").

WHEREAS, on October 15, 2019, Plaintiff filed a lawsuit in the U.S. District Court for the Southern District of New York, Index No. 1:19-cv-9505, that asserts Defendants (i) failed to pay him the minimum wage, violating the Fair Labor Standards Act ("FLSA") and the New York Labor Law (the "Labor Law"); (ii) failed to pay him overtime premium pay, violating the FLSA and the Labor Law, (iii) failed to pay him spread-of-hours pay under the Labor Law; (iv) failed to provide him with the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, and (v) failed to provide him with the wage statements required under N.Y. Lab. Law § 195.3; and

WHEREAS, Defendants have alleged in the Action that they lawfully paid the Plaintiff and complied with their FLSA and Labor Law statutory obligations; and

WHEREAS, Defendants deny the allegations and claims that Plaintiff asserts in the Action and specifically deny that their conduct was in any way illegal, wrongful or improper; and

WHEREAS, the Parties now wish to amicably resolve the Action.

NOW, THEREFORE, in considering the promises and covenants contained in this Agreement, the Parties hereby agree as follows:

1. <u>Dismissal of the Action.</u> Plaintiff agrees to dismiss the Action with prejudice. Plaintiff agrees, in that regard, to take all actions necessary to accomplish the dismissal with prejudice of the Action, including filing a motion with the Court seeking its approval of the Agreement.

2. <u>Fully-Executed Agreement & Effective Date.</u>

   a. Within 5 calendar days of receiving from Plaintiff the executed Agreement, Defendants shall provide Plaintiff the fully-executed Agreement. When providing them the executed Agreement, Plaintiff shall provide Defendants completed IRS Forms W-9 and W-4 and a Form W-9 completed by Plaintiff's Counsel, Lipsky Lowe LLP.

   b. This Agreement shall become effective and enforceable once the Parties have executed it and the Court enters its order approving it (the "Effective Date").

3. <u>Limited Release of Claims.</u> Plaintiff, for the consideration set forth in this Agreement, which he acknowledges is adequate and satisfactory to him, hereby commits as follows.

Plaintiff hereby IRREVOCABLY AND UNCONDITIONALLY RELEASES, WAIVES AND FOREVER DISCHARGES Defendants from any and all complaints, charges, causes of action, agreements, promises, liabilities, claims, demands, rights and entitlements of any kind whatsoever, in law or equity, whether known or unknown, asserted or un-asserted, fixed or contingent, apparent or concealed, which Plaintiff, his heirs, executors, administrators, successors or assigns ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever existing, arising or occurring at any time on or prior to the date he executes this Agreement in connection with Defendants employing him, that involve claims for not being paid for all hours worked, for not being paid overtime, for not being paid the minimum wage, and for not being paid spread-of-hours pay under the FLSA and Labor Law. The released claims, under this paragraph, include all types of relief available for the above referenced theories of relief, including any claims for unpaid wages, minimum wage, unpaid overtime, spread-of-hours pay, damages, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief (the "Released Claims").

4. <u>Settlement Payment.</u> In consideration for the limited release in Paragraph 3 and the other promises made in this Agreement, Defendant will pay Plaintiff and Plaintiff's Counsel the total gross amount of $50,000.00 (the "Settlement Payment") in two equal installments of $25,000. The first installment of $25,000.00 shall be made within fifteen (15) days of the Effective Date. The second installment shall be made within forty-five (45) days of the Effective Date. Each installment of $25,000.00 shall be comprised of:

a. A check in the amount of $8,261.00 to be paid to Plaintiff under a W-2 for claimed lost wages and subject to applicable taxes and withholdings. This check will be made payable to Plaintiff. When processing Plaintiff's payment, Defendants will categorize it, for payroll purposes, as a one-time payment, versus a weekly or bi-weekly payroll check.

b. A check in the amount of $8,261.00 to be paid to Plaintiff. This check will be made payable to Plaintiff. Plaintiff shall receive an IRS Form 1099 with respect to the payment referred to in this subparagraph.

c. A check in the amount of $8,478.00 to be paid to Plaintiff's Counsel for the total amount in attorneys' fees and expenses Counsel is to be paid under this Agreement. This check will be made payable to "Lipsky Lowe LLP."

d. Plaintiff and his Counsel, Lipsky Lowe, shall each be responsible for all tax obligations related to the payments they receive, including but not limited to all payment obligations which may arise as a consequence of the payments described in Paragraphs 4.a. to 4.b., and shall indemnify Defendants and hold them harmless from and against any and all losses, costs, damages or expenses, including attorneys' fees, interest, assessments, withholding

and penalties, arising out of any dispute over the tax treatment of such payments, except as to those tax obligations that are exclusively the responsibility of the employer, Defendants.

5. <u>Confession of Judgment.</u>  In the event the Settlement Payment is not paid by the payment dates set forth in Paragraph 4, or any check fails to clear (i.e., bounces) on its respective payment date, Plaintiff's counsel shall serve written notice ("Default Notice") upon Defendants' counsel, by email and certified mail, and the Defendants shall have five (5) business days from the date of receipt of the Default Notice to cure the default by making such payment together with an additional amount of $50.00 to reimburse Plaintiff's counsel for the time and costs of each such bounced check. Upon Defendants' failure to cure a default within five (5) business days of delivery of the Default Notice, Plaintiff's counsel may immediately file the affidavits of Confessions of Judgment annexed hereto as Exhibit A.

6. <u>No Pending Claims and No Other Potential Plaintiffs.</u>

   a. Plaintiff represents and warrants that, besides the Action, he has no claim, charge or complaint against Defendants arising out of or relating to his employment with Defendants or his separation from Defendants before any federal, state or local court or agency.

   b. Plaintiff's Counsel hereby represents that it does not represent anyone or is aware of anyone who is contemplating bringing any of the Released Claims against Defendants. Counsel agrees not to solicit anyone to bring any claims against Defendants.

7. <u>Non-Disparagement and Neutral Job Reference.</u>

   a. Plaintiff agrees that he shall not say or do anything, directly or indirectly, orally or in writing, that may criticize, disparage or reflect adversely on, or encourage any adverse action against Defendants. Plaintiff is, however, permitted to make truthful statements to third-parties, including governmental agencies, about his employment at Defendants and litigating the Action. This includes being permitted to cooperate with any governmental investigation and provide testimony in support of any investigation or case, and telling non-governmental entities about what claims he asserted, the underlying allegations, what transpired during the Action and the result of the Action.

   b. In responding to any inquiries from Plaintiff's prospective employers, Defendants shall state only Plaintiff's employment period and position.

8. <u>Court Approval and Non-Confidentiality of the Agreement</u>.

   a. The Agreement's validity and enforceability is subject to the Court's approval. Accordingly, if for any reason the Court does not approve this Agreement, this Agreement shall be null and void and the Parties will return to the *status quo ante* prior to entering into this Agreement with respect to the Action, as if the Parties had never entered into this Agreement. In such event, the Agreement and all negotiations shall be without prejudice to the rights of any and all Parties to this Agreement, and any evidence relating to the Agreement and all negotiations shall not be admissible or discoverable in the Action or otherwise. If the

Court refuses to approve the Agreement, the Parties agree to work in good faith to resolve any issues the Court raises with the Agreement.

   b. The Parties understand and acknowledge that this Agreement will be publicly filed on PACER and its terms are therefore not confidential.

  9. <u>No Admission.</u> Nothing contained in this Agreement, nor its consummation, nor any payments made under it, may be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants. Defendants specifically deny any liability and retain any and all defenses to the claims and any other claims arising under or related to any of the allegations in the Action if the Court does not approve the Agreement in its entirety.

  10. <u>Drafting.</u> Each Party acknowledges that they have cooperated fully in drafting and preparing this Agreement, and hence no rule of construction may be used to construe this Agreement against any Party by virtue of that Party's role in drafting this Agreement.

  11. <u>Modification.</u> This Agreement may not be changed orally, and no modification, amendment or waiver of any provision contained in this Agreement, or any future representation, promise or condition in connection with the subject matter of this Agreement, shall be binding upon any party hereto unless made in writing and signed by all Parties.

  12. <u>Integrated Document.</u> This Agreement contains the entire agreement and complete settlement by and among the Parties and supersedes any and all previous agreements of any kind whatsoever between them, whether written or oral, regarding the claims being released in this Agreement. All prior and contemporaneous discussions and negotiations have been and are merged and integrated into, and are superseded by, this Agreement. This is an integrated document.

  13. <u>Severability</u>. The provisions of this Agreement are severable, and if any part of it is found to be unlawful or unenforceable, the other provisions of this Agreement shall remain fully valid and enforceable to the maximum extent consistent with applicable law, except that if Paragraph 3 is invalidated, this Agreement shall be null and void.

  14. <u>Governing Law and Prevailing Party</u>. This Agreement is made and entered into, and shall be subject to, governed by, and interpreted in accordance with the laws of State of New York and shall be fully enforceable in the state or federal courts of that state, without regard to conflicts of law principles. The Parties also consent to the service of process, pleadings, notices or other papers by any method of service approved by the state and/or federal courts in New York. The prevailing party in seeking to enforce the terms of this Agreement, including post-judgment discovery, shall be entitled to its reasonable attorneys' fees and expenses.

  15. <u>Non-assignment.</u> Neither this Agreement nor any portion hereof is assignable. The Parties represent, warrant and covenant that they have not previously assigned or transferred, or purported to assign or transfer, to any individual or entity, any of the rights, claims, demands or causes of action being released herein, and agree that no such assignment or

transfer may occur without a written consent executed by the Parties, and any attempt to do so shall be void.

16. **Notices.** Any notices or documents that are contemplated under this Agreement should be directed to the Parties' respective counsel:

| | |
|---|---|
| Douglas Lipsky | Dov Medinets |
| LIPSKY LOWE LLP | GUTMAN WEISS, P.C. |
| 420 Lexington Avenue, Suite 1830 | 2276 Sixty-Fifth Street, 2nd Floor |
| New York, New York 10170 | Brooklyn, New York 11204 |
| 212.392.4772 | 718.259.2100 |
| doug@lipskylowe.com | dmedinets@gwpclaw.com |
| *Plaintiff's Counsel* | *Defendants' Counsel* |

17. **Authority and Capacity to Bind.** By signing this Agreement, each party represents that they are competent to do so, have the authority to be bound under this Agreement, and intend to be bound by its terms.

18. **Counterparts and Electronic Signatures.** This Agreement may be executed in counterparts and, when combined, all counterparts will constitute one complete document. Signatures transmitted by email or fax may be used in lieu of an originally signed Agreement.

19. **Reservation of Jurisdiction.** Notwithstanding the dismissal of this Action and, the Court shall retain jurisdiction for purposes of interpreting and enforcing the terms of this Agreement.

20. **Voluntary and Knowing Agreement.** Plaintiff acknowledges that he has voluntarily executed this Agreement. Plaintiff is advised to obtain the advice of any attorney or other representative of her choice, unrelated to Defendants, prior to executing this Agreement. Plaintiff acknowledges that he has had the opportunity to obtain legal advice prior to executing this Agreement, or that he knowingly and voluntarily has chosen not to do so. Further, Plaintiff acknowledges that he has a full understanding of this Agreement's terms.

IN WITNESS WHEREOF, THE PARTIES HAVE EXECUTED THIS AGREEMENT AS OF THE DATES INDICATED BELOW.

Dated: New York, New York
    February ___, 2020

_____
Francisco Camacho         2-28-2020

Dated: New York, New York
        February 28, 2020

MIDTOWN CENTER AUTO REPAIR INC
d/b/a MIDTOWN CENTER AUTO REPAIR

By: Raba Haim Abramov

Title: President

Dated: New York, New York
        February 28, 2020

A1 COLLISION.

By: Rony Abramove

Title: Authorized Signatory

Dated: New York, New York
        February 28, 2020

Raba Haim Abramov

Dated: New York, New York
        February 28, 2020

Rony Abramove

-6-

LIPSKY LOWE LLP as to Paragraph 6.b

Dated: _March 2_, 2020

_____

EXHIBIT A

SUPREME COURT OF NEW YORK
COUNTY OF NEW YORK

FRANCISCO CAMACHO,

        Plaintiff,

        v.

MIDTOWN CENTER AUTO REPAIR INC. d/b/a MIDTOWN CENTER AUTO REPAIR, A1 COLLISION, RUBA ABRAMOV and RANI ABRAMOV, Jointly and Severally,

        Defendants.

NYSCEF CASE

No.:_____

## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK    )
                             ) ss:
COUNTY OF NEW YORK  )

      Midtown Center Auto Repair Inc. d/b/a Midtown Center Auto Repair, ("Midtown Center") through and by a duly sworn representative with authority to bind itself, does depose and say:

      1.    That I, _____, have the authority to sign on behalf of myself, and on behalf of the undersigned entity as the owner, officer, director, and/or authorized shareholder of the undersigned entity, or a duly designated and authorized representative of the undersigned entity, and as a Defendant in the above captioned action, and I am duly authorized to make this affidavit on the undersigned entity's behalf.

      2.    Midtown Center, has a principal place of business at _____and its tax ID number is _____.

      3.    Midtown Center hereby confesses judgment, and authorizes entry of judgment against Midtown Center in the sum of $75,000.00, less any payments already made, pursuant to

the terms of the Non-Confidential Settlement Agreement and Limited Release dated February ___, 2020 among the Plaintiff and Defendants (the "Agreement"), together with interest from the date of the default to the date of entry of judgment, computed as provided in 28 U.S.C. § 1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923 and 1924, and reasonable attorneys' fees and interest, computed as provided in 28 U.S C. § 1961 incurred in entering and enforcing the judgment.

4. This confession of judgment is for a debt justly due to Plaintiff pursuant to the Agreement and the Defendants' default in payment under the Agreement.

5. Once the Defendants have made full payment in accordance with the terms of the Agreement, this confession is withdrawn and shall be null and void.

6. In the event of a default under the Agreement, Plaintiff shall be entitled to enter a money judgment against Defendants based on this Affidavit of Confession of Judgment. In the event of a money judgment based hereon, Defendants shall be entitled to credit for any payments made pursuant to the Agreement that reduce the principal amount due below the Confessed Amount as of the date of entry.

7. This confession of judgment may only be filed by Plaintiff's counsel, Lipsky Lowe LLP, pursuant to the terms of the Agreement.

CONFESSION BY MIDTOWN CENTER AUTO REPAIR INC.

MIDTOWN CENTER AUTO REPAIR INC.

By: _____       Dated:_____
    Name: _____
    Title: _____

ACKNOWLEDGMENT

On this _____ day of February 2020 before me personally came _____ and acknowledged himself/herself to be an Authorized Representative of the above name corporation or business entity, that he/she, as such, being authorized so to do, executed the foregoing instrument for the purpose therein contained, by signing his/her name on behalf of the corporation as an Authorized Representative.

Sworn to before me
this _____ day of _____, 2020
_____
Notary Public

SUPREME COURT OF NEW YORK
COUNTY OF NEW YORK

---

FRANCISCO CAMACHO,

        Plaintiff,

v.

MIDTOWN CENTER AUTO REPAIR INC. d/b/a MIDTOWN CENTER AUTO REPAIR, A1 COLLISION, RUBA ABRAMOV and RANI ABRAMOV, Jointly and Severally,

        Defendants.

NYSCEF CASE

No.:_____

---

### AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK   )
                               ) ss:
COUNTY OF NEW YORK  )

     A1 Collision through and by a duly sworn representative with authority to bind itself, does depose and say:

     1.    That I, _____, have the authority to sign on behalf of myself, and on behalf of the undersigned entity as the owner, officer, director, and/or authorized shareholder of the undersigned entity, or a duly designated and authorized representative of the undersigned entity, and as a Defendant in the above captioned action, and I am duly authorized to make this affidavit on the undersigned entity's behalf.

     2.    A1 Collision has a principal place of business at _____ and its tax ID number is _____.

     3.    A1 Collision hereby confesses judgment, and authorizes entry of judgment against A1 Collision in the sum of $75,000.00, less any payments already made, pursuant to the terms of the Non-Confidential Settlement Agreement and Limited Release dated February \_\_\_,

2020 among the Plaintiff and Defendants (the "Agreement"), together with interest from the date of the default to the date of entry of judgment, computed as provided in 28 U.S.C. § 1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923 and 1924, and reasonable attorneys' fees and interest, computed as provided in 28 U.S C. § 1961 incurred in entering and enforcing the judgment.

4. This confession of judgment is for a debt justly due to Plaintiff pursuant to the Agreement and the Defendants' default in payment under the Agreement.

5. Once the Defendants have made full payment in accordance with the terms of the Agreement, this confession is withdrawn and shall be null and void.

6. In the event of a default under the Agreement, Plaintiff shall be entitled to enter a money judgment against Defendants based on this Affidavit of Confession of Judgment. In the event of a money judgment based hereon, Defendants shall be entitled to credit for any payments made pursuant to the Agreement that reduce the principal amount due below the Confessed Amount as of the date of entry.

7. This confession of judgment may only be filed by Plaintiff's counsel, Lipsky Lowe LLP, pursuant to the terms of the Agreement.

## CONFESSION BY A1 COLLISION

A1 COLLISION

By: _____     Dated:_____

   Name: _____

   Title: _____

## ACKNOWLEDGMENT

On this _____ day of February 2020 before me personally came _____ and acknowledged himself/herself to be an Authorized Representative of the above name corporation or business entity, that he/she, as such, being authorized so to do, executed the foregoing instrument for the purpose therein contained, by signing his/her name on behalf of the corporation as an Authorized Representative.

Sworn to before me
this _____ day of _____, 2020
_____
Notary Public

SUPREME COURT OF NEW YORK
COUNTY OF NEW YORK

---

FRANCISCO CAMACHO,

        Plaintiff,

    v.

MIDTOWN CENTER AUTO REPAIR INC. d/b/a MIDTOWN CENTER AUTO REPAIR, A1 COLLISION, RUBA ABRAMOV and RANI ABRAMOV, Jointly and Severally,

        Defendants.

NYSCEF CASE

No.:_____

---

### AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK   )
                           ) ss:
COUNTY OF NEW YORK  )

      Raba Haim Abramov does depose and say:

      1.      I hereby confess judgment, and authorizes entry of judgment against myself individually in the sum of $75,000.00, less any payments already made, pursuant to the terms of the Non-Confidential Settlement Agreement and Limited Release dated February ___, 2020 among the Plaintiff and Defendants (the "Agreement"), together with interest from the date of the default to the date of entry of judgment, computed as provided in 28 U.S.C. § 1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923 and 1924, and reasonable attorneys' fees and interest, computed as provided in 28 U.S C. § 1961 incurred in entering and enforcing the judgment.

      2.      This confession of judgment is for a debt justly due to Plaintiff pursuant to the Agreement and the Defendants' default in payment under the Agreement.

3.      Once the Defendants have made full payment in accordance with the terms of the Agreement, this confession is withdrawn and shall be null and void.

4.      In the event of a default under the Agreement, Plaintiff shall be entitled to enter a money judgment against Defendants based on this Affidavit of Confession of Judgment. In the event of a money judgment based hereon, Defendants shall be entitled to credit for any payments made pursuant to the Agreement that reduce the principal amount due below the Confessed Amount as of the date of entry.

5.      This confession of judgment may only be filed by Plaintiff's counsel, Lipsky Lowe LLP, pursuant to the terms of the Agreement.

<u>CONFESSION BY RABA ABRAMOV</u>

RABA HAIM ABRAMOV

_____

Sworn to before me
this _____ day of _____, 2020
_____
Notary Public

SUPREME COURT OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| FRANCISCO CAMACHO,<br><br>        Plaintiff,<br><br>    v.<br><br>MIDTOWN CENTER AUTO REPAIR INC. d/b/a MIDTOWN CENTER AUTO REPAIR, A1 COLLISION, RUBA ABRAMOV and RANI ABRAMOV, Jointly and Severally,<br><br>        Defendants. | NYSCEF CASE<br><br>No.:_____ |

## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK    )
                             ) ss:
COUNTY OF NEW YORK  )

Rony Abramove does depose and say:

1.    I hereby confess judgment, and authorizes entry of judgment against myself individually in the sum of $75,000.00, less any payments already made, pursuant to the terms of the Non-Confidential Settlement Agreement and Limited Release dated February \_\_\_, 2020 among the Plaintiff and Defendants (the "Agreement"), together with interest from the date of the default to the date of entry of judgment, computed as provided in 28 U.S.C. § 1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923 and 1924, and reasonable attorneys' fees and interest, computed as provided in 28 U.S C. § 1961 incurred in entering and enforcing the judgment.

2.    This confession of judgment is for a debt justly due to Plaintiff pursuant to the Agreement and the Defendants' default in payment under the Agreement.

3.      Once the Defendants have made full payment in accordance with the terms of the Agreement, this confession is withdrawn and shall be null and void.

4.      In the event of a default under the Agreement, Plaintiff shall be entitled to enter a money judgment against Defendants based on this Affidavit of Confession of Judgment.  In the event of a money judgment based hereon, Defendants shall be entitled to credit for any payments made pursuant to the Agreement that reduce the principal amount due below the Confessed Amount as of the date of entry.

5.      This confession of judgment may only be filed by Plaintiff's counsel, Lipsky Lowe LLP, pursuant to the terms of the Agreement.

CONFESSION BY RONY ABRAMOVE

RONY ABRAMOVE

_____

Sworn to before me
this _____ day of _____, 2020
_____
Notary Public