USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/5/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
      :
FRANCISCO CAMACHO,      :
      :
                    Plaintiff,      :
      :      19-cv-9505 (LJL)
        -v-      :
      :      OPINION & ORDER
MIDTOWN CENTER AUTO REPAIR INC. d/b/a      :
MIDTOWN CENTER AUTO REPAIR, A1      :
COLLISION, RUBA ABRAMOV, and RANI      :
ABRAMOV,      :
      :
                  Defendants.      :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Plaintiff in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., advised the Court that the parties had agreed to a settlement and submitted the settlement agreement and a letter explaining the basis for the proposed settlement and why it should be approved, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). *See* Dkt. No. 19. Upon reviewing the settlement agreement and letter, the Court ordered a telephonic conference with the parties to discuss the information submitted by the parties in support of settlement.

      By Order entered March 3, 2020, the Court asked the parties to submit additional information, including (1) contemporaneous time records to support the application for attorneys' fees pursuant to *Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d Cir. 2020), (2) documentation and contemporaneous records to support costs, (3) further analysis for the contention that the settlement amount, net of attorneys' fees and costs, is fair and reasonable, and (4) any wage and hour records for Plaintiff maintained by Defendants and a corresponding

damages analysis if such records exist.[1] Dkt. No. 22. On March 4, 2020, the parties submitted a letter with the requested information and a settlement agreement revised for a typographical error. *See* Dkt. No. 23.

Having reviewed the initial letter and settlement agreement, supplemental letter and materials, and revised settlement agreement, the Court finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiff's individual claims as well as the risks and expenses involved in additional litigation. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206-07 (2d Cir. 2015); *Wolinsky*, 900 F. Supp. 2d at 335-36.

The Court also approves Plaintiff's counsel's request for $16,500 in attorneys' fees and $456 in costs. The Court has evaluated the request applying the factors that the Court understands to be relevant under *Fisher* and those cases upon which *Fisher* relies. In particular, the Court has examined the degree of success, the projects undertaken by counsel, the time spent on each of those projects and the reasonableness of the time spent on those projects given the nature of the case, and the factors laid out in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). The Court also has considered the agreement between the parties and the range of recoveries typically approved by courts in this District.

Applying those factors, the request for attorneys' fees and costs is reasonable. The fee request of $16,500 is approximately one-third of the settlement total of $50,000, which is within the range of between 30% and 33% typically approved by courts in this District. *See Guzman v. Joesons Auto Parts*, No. 11-cv-4543, 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013)

---

[1] Defendants represent that they did not maintain any wage and hour records for Plaintiff during the relevant time period and as such, the parties did not provide a damages analysis based on wage and hour records. Instead, the parties have permitted Plaintiff to use his memory to estimate his hours worked and owed wages and do not object to his estimate. *See Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011).

(collecting cases); *see also Silverstein v. AllianceBernstein LP*, No. 09-cv-5904, 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013). The tasks performed by counsel were reasonable and appropriate for a matter of this nature, as were the hours billed for each such task.

Moreover, the parties persuasively have demonstrated that there were serious litigation risks Plaintiff faced from defenses that could have mooted his claims and reduced his overall recovery. *See* Dkt. No. 23 at 1-2. In particular, Defendants produced evidence they claim supported asserting the faithless servant doctrine as a defense, which they argue would have extinguished Plaintiff's claims for overtime premium pay and required him to disgorge wages earned for two of the three years in the relevant time period. *Id.* Defendants also intended to raise counterclaims against Plaintiff to recover monies they claim he stole during his employment. *Id.* In light of those litigation risks, the recovery to the Plaintiff personally and net of attorneys' fees is significant.

Accordingly, the Court approves the settlement and dismisses the case with prejudice. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: March 5, 2020
New York, New York

_____
LEWIS J. LIMAN
United States District Judge